UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM BRISCOE, et al.                                                                   PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 3:02CV-264-S

ALLAN H. FINE, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Preferred Health Plan, Inc. ("PHP"), in this case brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

The case is presently before us on remand from the United States Court of Appeals for the Sixth Circuit. Five former employees of the M. Fine & Sons Manufacturing Co. Inc. filed this action against the company's former officers and directors ("the Fines") and PHP, the company's third-party administrator of its healthcare plan. The plaintiffs alleged that the Fines and PHP failed to disclose that the company was in financial trouble and was therefore unable to make the payments required to support the healthcare plan. They further alleged that the defendants failed to devise a means of assuring adequate financing of the plan. Additionally, they claimed that PHP improperly allocated plan assets to itself after PHP's administration contract with the company was terminated.

This court granted summary judgment holding that neither the Fines nor PHP were fiduciaries under ERISA. We also dismissed the pendent state law claims. The Sixth Circuit reversed the grant of summary judgment in favor of PHP and remanded the case for further proceedings. *Briscoe v. Fine*, 444 F.3d 478 (6th Cir. 2006). We are required herein to consider the implications of the remand. The parties dispute the breadth of the issue returned to this court.

The Sixth Circuit held that this court "erred in requiring as a condition of fiduciary responsibility, that the type of authority that PHP exercised over the plan assets had to be 'discretionary.'" The Court noted that under 29 U.S.C. § 1002(21)(A) a person is a fiduciary for purposes of ERISA "to the extent...he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets..." The court determined that, with respect to control of plan assets, any authority or control is enough. (*quoting, Chao v. Day*, 436 F.3d 234 (D.C.Cir. 2006).). The Court stated "We believe that the plaintiffs have proffered sufficient evidence to demonstrate that PHP exercised control over the assets of the Company's healthcare plan still in PHP's possession when the Company became insolvent." The Court went into greater detail later in the opinion, making clear the parameters of its ruling:

> In the present case, PHP both had the power to write checks on the plan account (which was partially in PHP's name) and exercised that power before and after its contractual relationship with the Company ended. Because PHP exercised control over plan assets, it qualifies as an ERISA fiduciary to the extent that it did so.
>
> We recognize that there is some tension between our decision today and the DOL regulation upon which PHP relies. Under the DOL regulation, a third-party administrator "without the power to make plan policies or interpretations but who performs purely ministerial functions such as processing claims, applying plan eligibility rules, communicating with employees, and calculating benefits, is not a fiduciary under ERISA." *Baxter*, 941 F.2d at 455. (quoting 29 C.F.R. § 2509.75-8, D-2). On the other hand, both our decision today and this court's earlier decision in *Smith* hold that any person or entity that exercises control over the assets of an ERISA-covered plan, including third-party administrators, acquires fiduciary status with regard to the control of those assets. *See Smith*, 170 F.3d at 613.
>
> We believe that these two lines of authority are reconcilable...[W]e wish to emphasize that our holding today is a limited one. Our reading of ERISA's statutory definition will not "extend fiduciary status to every person who exercises 'mere possession or custody' over the plans' assets." *Chao*, 436 F.3d at 237...The plaintiffs in the present case have presented competent evidence establishing that PHP exercised control over assets in the Company's self-funded plan by allotting to itself an administrative fee and returning the remaining funds after its relationship with the Company terminated. On these facts, we hold that PHP exercised at least partial control over plan assets and, to the extent that it did so, qualifies as a fiduciary.

*Briscoe,* 444 F.3d at 494-95.

The Sixth Circuit carefully circumscribed the conduct for which PHP had fiduciary responsibility in this case.  It held, in essence, that PHP had the power of the checkbook, and that it had a fiduciary responsibility to the extent that it exercised that power.  The court distinguished plan management from asset control.  To the extent that the Amended Complaint alleged the former, PHP had no fiduciary responsibility as it had no discretion in such matters.  To the extent that the Amended Complaint alleged the latter, PHP was an ERISA fiduciary with respect to its actions.  The Sixth Circuit also made clear that mere possession or custody of plan assets was not enough.  Fiduciary responsibility arose from the power of disposition of assets and the exercise of that power.  *Id*. at 494.

The Amended Complaint alleges that PHP exercised control over the company's assets when it took an administrative fee for itself instead of using those funds to pay health insurance premiums or benefits.  Amended Complaint, ¶ 36.  There is no dispute that this occurred upon PHP's cancellation of the agreement with the company in May of 2001.  *Id.* at 484.  The Sixth Circuit remanded the issue of fiduciary breach with respect to PHP's disposition of the account assets upon its cancellation of the agreement.  *Id.* at 494-95 ("On these fact, we hold that PHP exercised at least partial control over plan assets, and to the extent that it did so, qualifies as a fiduciary.")

Consistent with the allegations of the Amended Complaint, the Sixth Circuit remanded the plaintiffs' claim for fiduciary breach solely with respect to PHP's exercise of control over fund assets upon termination of the agreement.  PHP's potential liability under this claim is thus limited to its alleged wrongful disposition of these funds.

**IT IS SO ORDERED.**